UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ANDREW TRAVIS JOHNSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 5:24-CV-00220-H
No. 5:23-CR-00012-H-BV-1

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING MOTION TO VACATE AND CERTIFICATE OF APPEALABILITY

Andrew Travis Johnon filed a motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255. Civ. Dkt. No. 1; Cr. Dkt. No. 86. United States Magistrate Judge Amanda 'Amy' R. Burch made findings, conclusions, and a recommendation (FCR) on Johnson's one remaining claim in this case. Civ. Dkt. No. 25. Johnson filed objections. Civ. Dkt. No. 26. As explained below, the Court accepts and adopts the FCR and denies Johnson's motion to vacate.

### 1. Background

On March 24, 2023, Johnson pled guilty to three counts of bank fraud, one count of aggravated identity theft, and one count of engaging in monetary transactions in property derived from unlawful activity. Cr. Dkt. No. 12. On March 29, 2023, the Court adjudged him guilty and later sentenced him to a total of 180 months' imprisonment. Cr. Dkt. No. 18.

In his pro-se motion to vacate, Johnson raises several constitutional claims. On January 13, 2025, the Court denied all of Johnson's claims except one—that his attorney, William McMurrey, was ineffective because he did not file a direct appeal on his behalf, as requested. Civ. Dkt. No. 6. The Court referred this ineffective-assistance claim (IAC) to the Judge Burch,

instructing that she appoint Johnson counsel, conduct a hearing, and issue a report and recommendation on his claim. Dkt. No. 7.

Judge Burch appointed Federal Public Defender Qunicy Ferrill to represent Johnson and held an evidentiary hearing. Civ. Dkt. Nos. 8, 23. Judge Burch has since issued a thorough FCR, recommending that the Court deny Johnson's IAC claim on the ground that Johnson has not shown that McMurrey's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). In particular, after hearing the live testimony of Johnson and McMurrey, Judge Burch found that Johnson failed to demonstrate by a preponderance of the evidence that he asked McMurrey to file a notice of appeal and that McMurrey failed to consult with him regarding an appeal. Civ. Dkt. No. 25 at 10. In doing so, Judge Burch credited "McMurrey's clear testimony" over the "waffling testimony" of Johnson, who, at the hearing, made several inconsistent statements about whether he had specifically asked McMurrey to file a notice of appeal on his behalf. *Id.* at 9–10. Mr. Ferrill filed objections on Johnson's behalf. Civ. Dkt. No. 26.

## 2.   Legal Standard

If a party files written objections to the magistrate judge's report and recommendation, the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). In contrast, the judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. *See Duarte v. City of Lewisville, Tex.*, 858 F.3d 348, 352 (5th Cir. 2017) (citations omitted)

Parties filing objections must specifically identify those findings objected to. *See Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982). "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8.

2

3.    **Discussion**

Johnson objects to Judge Burch's recommendation that the Court deny Johnson's IAC claim on two grounds. Having conducted a de novo review of the relevant portions of the FCR and the record in this case and considered the applicable law, the Court, as explained below, finds that Johnson's objections are improper and otherwise have no merit.

First, Johnson objects to Judge Burch's finding that "McMurrey adequately consulted with [him] regarding an appeal." Civ. Dkt. No. 26 at 4. Although Johnson admits in his objection that McMurrey consulted with him regarding his decision to appeal or not appeal, he now argues that, for several reasons, "[McMurrey's] advice regarding the decision" was not reasonably effective. *Id.* at 5.

Johnson's objection exceeds the scope of Judge Burch's findings and the claims raised in his motion to vacate. Citing to Johnson's motion to vacate, Judge Burch specifically points out that "Johnson does not claim that McMurrey failed to consult with him regarding an appeal." Civ. Dkt. No. 25 at 8. The Court agrees. In his pro-se motion, Johnson does not allege that McMurrey failed to consult with him regarding appeal or improperly advised him as to whether he should file one. Civ. Dkt. No. 1. Although Judge Burch states that "Johnson has failed to show that McMurrey violated any constitutional duty to consult regarding an appeal," she apparently does so only to the extent necessary to provide the legal context for Johnson's claim that McMurrey had a constitutional duty to file an appeal on his behalf. Civ. Dkt. No. 25 at 8; *see United States v. Pham*, 722 F.3d 320, 323-24 (5th Cir. 2013) (explaining that, if counsel has consulted with a defendant about an appeal, then counsel performs deficiently by failing to follow the defendant's express instructions with respect to an appeal). Although Judge Burch determined that McMurrey consulted with Johnson regarding an appeal, she did not make any

findings that address the substantive nature of their discussions or the propriety of any advice that McMurrey may have given Johnson.

Second, Johnson makes a one-sentence, general objection to Judge Burch's factual finding that he did not ask McMurrey to file an appeal on his behalf. Civ. Dkt. No. 26 at 6. Citing a select excerpt from the evidentiary-hearing transcript, Johnson objects on the ground that he testified that he *did* tell McMurrey to file an appeal and never told McMurrey that he did not want to appeal. *Id.* However, Johnson does not object to or attempt to refute Judge Burch's statement that he provided "waffling testimony" on this matter at the evidentiary hearing. Nor does Johnson object to Judge Burch's determination that McMurrey's testimony was more credible than his. Instead, Johnson merely cites evidence that supports his original position.

### 4.    Conclusion

The Court conducted an independent review of the record in this case, including the evidentiary-hearing transcript, and reviewed the unobjected-to portions of Judge Burch's FCR for plain error, and found none. Additionally, for the above-stated reasons, the Court overrules Johnson's objections to Judge Burch's FCR and expressly accepts and adopts her findings, conclusions, and recommendation. The Court therefore denies Johnson's claim that McMurrey was ineffective for not filing an appeal on his behalf.

For these reasons and those stated in its January 13, 2025 order denying Johnson's other claims, Dkt. No. 6, the Court denies Johnson's motion to vacate. Dkt. No. 1. In addition, after considering the record and relevant authorities in this case, the Court denies a certificate of appealability under Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c). For the same reasons stated here and in the Court's January 13, 2025 order, Johnson fails to show that reasonable jurists would find (1) this Court's "assessment of the constitutional

claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

So ordered.

Dated March ⟨handwritten⟩, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge